STATE

v.

Peter TIERNAN.

No. 2006–306–C.A.

Supreme Court of Rhode Island.

Feb. 28, 2008.

Virginia M. McGinn, Providence.

John A. MacFadyen, III, Providence.

ORDER

The state's petition for reargument is denied.

It is noted, however, that the Attorney General's memorandum in support of the petition correctly observes that, in *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), the United States Supreme Court explained how the sweeping language in its then twelve-year-old landmark decision in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), should "properly" be read. *Van Arsdall*, 475 U.S. at 683, 106 S.Ct. 1431. The Court in *Van Arsdall* declared that "*Davis* should not be read as establishing, without analysis, a categorical exception to the harmless-error rule." *Id.*

In view of that authoritative interpretation of *Davis*, we agree with the Attorney General that, as a matter of federal constitutional law,[1] an improper restriction on cross-examination such as occurred in this case does not call for vacation of the verdict on a *per se* basis, but rather should be subjected to harmless-error analysis. *See generally Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Nevertheless, even under the slightly less demanding criteria that govern harmless-error review, we do not hesitate to hold that the error in this case was not harmless beyond a reasonable doubt. The following paragraph from our original decision is indicative of the non-harmless nature of the erroneous restriction on cross-examination that occurred in this case:

"[M]ore extensive inquiry [of Kevin Finnegan, the complaining witness] might have included questions about whether or not Mr. Finnegan had met with a lawyer, what type of damages Mr. Finnegan was expecting to recover as a result of a civil suit, and whether or not Mr. Finnegan believed that a conviction in the criminal case would benefit him in a civil suit. The responses by Mr. Finnegan to such questions might have seriously weakened his credibility in the eyes of the jurors, and the jury, in a criminal case, should be afforded a full and adequate basis upon which to assess the credibility of the witnesses, especially that of an accusing witness."

Justice GOLDBERG did not participate.

---

1. We need not and do not in this case predicate our decision on article 1, section 10, of the Rhode Island Constitution.